IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JESUS GARCIA JR. #1547814 | § | |
| | § | |
| V. | § | No. A-12-CV-804-LY |
| | § | |
| BOARD OF PARDONS AND PAROLES | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's "Amended Motion for Leave to File Tort Claim Act and Motion for Leave to Proceed *In Forma Pauperis* without Prepayment of Fees" [#1], Plaintiff's "Amended Motion for Leave to File Reply Brief and Supplement Brief" [#5], and Plaintiff's "Amended Motion for Leave to File Out of Time Notice of Appeal in Fed. R. App. P. 3(c)(d)" [#8]. Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis*.

STATEMENT OF THE CASE

At the time he filed his motions, Plaintiff was confined in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Because Plaintiff's initial motion was nonsensical and it appeared Plaintiff was being assisted by barred filer Edward Roy Newsome #437698, the Court was hesitant to proceed in the case if the plaintiff was unaware of the consequences of his filing. Accordingly, the Court warned Plaintiff, if the request to proceed *in*

*forma pauperis* was granted, the Court would issue a collection order and direct TDCJ-Inmate Trust Fund Department to collect in installments the $350 fee. In addition, the Court warned Plaintiff, if the case was later dismissed as frivolous, future frivolous lawsuits filed by Plaintiff may result in various sanctions. Plaintiff was also warned for causes of action which accrue after June 8, 1995, the Texas Department of Criminal Justice, upon receipt of a final order of a state or federal court that dismisses as frivolous or malicious a lawsuit brought by an inmate while the inmate was in the custody of the Department or confined in county jail awaiting transfer to the Department following conviction of a felony or revocation of community supervision, parole, or mandatory supervision, is authorized to forfeit (1) 60 days of an inmate's accrued good conduct time, if the Department has previously received one final order; (2) 120 days of an inmate's accrued good conduct time, if the Department has previously received two final orders; or (3) 180 days of an inmate's accrued good conduct time, if the Department has previously received three or more final orders. *See* TEX. GOV'T CODE ANN. § 498.0045 (Vernon 1998). In addition, Plaintiff was warned, if he had more than three actions or appeals dismissed as frivolous, malicious or for failure to state a claim on which relief may be granted, then he would be prohibited from bringing any other actions *in forma pauperis* unless he is in imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

After issuing the warnings, the Court ordered Plaintiff to file an advisory, informing the Court whether he wished to proceed. Rather than filing an advisory, Plaintiff filed an "Amended Motion for Leave to File Reply Brief and Supplement Brief." The motion was again prepared by Offender Newsome, who, because of his abusive and harassing filings, has been barred from filing claims in numerous courts.

After receiving the incomprehensible motion, this Court set a hearing to determine whether the plaintiff understood the warnings previously given to him. The Court directed Plaintiff to be prepared to address the issues described above and inform the Court whether he wished to proceed with his lawsuit. Prior to the hearing, Plaintiff filed an "Amended Motion for Leave to File Out of Time Notice of Appeal in Fed. R. App. P. 3(c)(d)," another undecipherable motion prepared by Offender Newsome.

On October 16, 2012, the Court held a video hearing in the case along with eight related cases.[1] Plaintiff confirmed he is being assisted by Offender Newsome in this case. Plaintiff did not appear to understand the motions filed in his case. However, he made clear he was challenging his state conviction for which he was sentenced to life in prison. The Court explained Plaintiff's challenge was not properly filed in this Court. Plaintiff was given the opportunity to dismiss his case without suffering any of the above-mentioned consequences. However, Plaintiff insisted on pursuing his civil lawsuit.[2]

DISCUSSION AND ANALYSIS

A.   Standard Under 28 U.S.C. § 1915(e)

An *in forma pauperis* proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief

---

[1] *See Noble v. Board of Pardons and Paroles*, No. A-12-CV-737-SS; *Noble v. Rogers*, No. A-12-CV-738-SS; *Noble v. Lollar*, No. A-12-CV-739-SS; *Noble v. Nation*, No. A-12-CV-740-SS; *Noble v. Chavez*, No. A-12-CV-805-SS; *Trammel v. Board of Pardons and Paroles, No. A-12-CV-786-LY; Saucedo v. Board of Pardons and Paroles*, No. A-12-CV-792-LY; *and Thomas v. Board of Pardons and Paroles*, No. A-12-CV-811-SS.

[2] The plaintiffs in the other eight cases moved to voluntarily dismiss their cases, so they could pursue applications for habeas corpus relief in courts with proper venue.

may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

### B.   Eleventh Amendment Immunity

The only named defendant in this case is the Board of Pardons and Paroles. The Board is immune from suit under the Eleventh Amendment because such an action is the same as a suit against the sovereign. *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89, 104 S. Ct. 900 (1984). The Eleventh Amendment generally divests federal courts of jurisdiction to entertain suits directed against states. *Port Auth. Trans-Hudson v. Feeney*, 495 U.S. 299, 304, 110 S. Ct. 1868, 1871 (1990). The Eleventh Amendment may not be evaded by suing state agencies or state employees in their official capacity because such an indirect pleading remains in essence a claim upon the state treasury. *Green v. State Bar of Texas*, 27 F.3d 1083,1087 (5th Cir. 1994). Accordingly, Plaintiff's case should be dismissed without prejudice for want of jurisdiction.

### C.   Heck v. Humphrey

Alternatively, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case, Plaintiff does not allege that his conviction has been reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus. Plaintiff's recitation of the procedural history in this case indicates just the opposite.

### D.   Habeas Claims

To the extent Plaintiff seeks habeas corpus relief, venue is not proper in this Court. Plaintiff was convicted in Taylor County and is currently incarcerated in the Clements Unit in Amarillo, Texas. Venue over any habeas claims Plaintiff may be attempting to make would be proper in the Northern District of Texas.[3]

### RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for want of jurisdiction and any pending motions be dismissed.[4] To the extent Plaintiff asserts claims

---

[3] Venue is proper in a habeas corpus action in either the district court where the petitioner is in custody or in the district within which the petitioner was convicted and sentenced. 28 U.S.C. § 2241(d).

[4] The Court could have easily recommended this case be dismissed with prejudice as frivolous, and Plaintiff would have been subjected to consequences for which he was previously warned. However, Plaintiff appeared genuinely confused as to the nature of the motions prepared by Newsome and had not filed the motions with the purpose of burdening the Court with frivolous filings. Plaintiff will not be as fortunate in the future if he continues to file baseless motions prepared by Newsome.

for habeas corpus relief those claims should be dismissed without prejudice to Plaintiff filing an application for habeas corpus relief in a court with proper venue.[5]

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 19th day of October, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[5] The Clerk's Office is directed to forward to Plaintiff forms for filing an application for habeas corpus relief pursuant to 28 U.S.C. § 2254.